**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| WAYNE BROWN, | : | |
| | : | Civil Action No. 06-3458 (RMB) |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| ANCORA PSYCHIATRIC HOSPITAL, | : | |
| | : | |
| Defendant. | : | |

**APPEARANCES:**
Plaintiff pro se
Wayne Brown
Ancora Psychiatric Hospital
202 Spring Garden Road
Ancora, NJ 08037

**BUMB**, District Judge

    Plaintiff Wayne Brown, a civilly-committed mental patient confined at Ancora Psychiatric Hospital, in Ancora, New Jersey, seeks to bring this action in forma pauperis pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. Based on his affidavit of indigence, the Court will grant Plaintiff's application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the Complaint.

    At this time, the Court must review the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be

granted, or because it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).

## I.   BACKGROUND

The following factual allegations are taken from Plaintiff's Complaint and are accepted as true for purposes of this review.

Plaintiff alleges that he was "wrongfully" involuntarily committed from January 29, 2005, to June 28, 2005, when he was conditionally released for 90 days under specified conditions, (Ex. 6), and again from May 3, 2006, to the present, and possibly at other times as well.[1]  Plaintiff alleges that he was committed in violation of his due process rights under the Fourteenth Amendment.  Plaintiff seeks monetary damages.

## II.   STANDARDS FOR A SUA SPONTE DISMISSAL

This Court must dismiss, at the earliest practicable time, certain in forma pauperis and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions).

---

[1] It is not clear whether Plaintiff is alleging that his commitment, from which he was conditionally released on January 5, 2005, (Ex. 5), was wrongful.

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions." Id.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)). The standard for evaluating whether a complaint is "frivolous" is an objective one. Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981). Where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. Denton v. Hernandez,

3

504 U.S. 25, 34 (1992); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996).

### III.  SECTION 1983 ACTIONS

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

### IV.  ANALYSIS

The Eleventh Amendment to the United States Constitution provides that, "The Judicial power of the United States shall not

be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another State, or by Citizens or Subjects of any Foreign State."

As a general proposition, a suit by private parties seeking to impose a liability which must be paid from public funds in a state treasury is barred from federal court by the Eleventh Amendment, unless Eleventh Amendment immunity is waived by the state itself or by federal statute.  See, e.g., Edelman v. Jordan, 415 U.S. 651, 663 (1974).  The Eleventh Amendment protects states and their agencies and departments from suit in federal court regardless of the type of relief sought.  Pennhurst State School and Hospital v. Halderman, 465 U.S. 89, 100 (1984).  See also State of New Jersey Dept. of Environmental Protection v. Gloucester Environmental Management Services, Inc., 923 F.Supp. 651, 660 (D.N.J. 1995) (Ancora Psychiatric Hospital is an alter ego of the State of New Jersey for Eleventh Amendment purposes).  Section 1983 does not override a state's Eleventh Amendment immunity.  Quern v. Jordan, 440 U.S. 332 (1979).

Title 28 Section 1915(e)(2)(B)(iii) requires this Court to dismiss this action if it "seeks monetary relief from a defendant who is immune from such relief."  Thus, the Eleventh Amendment compels dismissal of this action against Ancora Pyschiatric Hospital.

5

In addition, neither states, nor governmental entities that are considered arms of the state for Eleventh Amendment purposes, nor state officers sued in their official capacities for money damages are persons within the meaning of § 1983.  See Will v. Michigan Dept. of State Police, 491 U.S. 58, 64, 70-71 and n.10 (1989); Grabow v. Southern State Correctional Facility, 726 F.Supp. 537, 538-39 (D.N.J. 1989) (the New Jersey Department of Corrections is not a person under § 1983).

For the foregoing reasons, all claims against the Ancora Psychiatric Hospital must be dismissed with prejudice.

In addition, because Plaintiff cannot at this time amend the Complaint to state a claim for relief against any other potential defendant, as explained below, the Court will not grant Plaintiff leave to amend.  Plaintiff's claim for damages related to his current allegedly unconstitutional civil commitment is premature until such time as his commitment has otherwise been invalidated. See Preiser v. Rodriguez, 411 U.S. 475 (1973) (holding that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus" following exhaustion of state remedies); see also Heck v. Humphrey, 512 U.S. 477 (1994); Banda v. State of New Jersey, Civil Action No. 04-5632 (AET), aff'd, 134 Fed.Appx. 529

(3d Cir. June 7, 2005); Huftile v. Miccio-Fonsecaa, 410 F.3d 1136, 1137-42 (9th Cir. 2005); Flowers v. Leean, 215 F.3d 1331, 2000 WL 554518 (7th Cir.) (unpubl.), cert. denied, 531 U.S. 866 (2000); Talbot v. Loya, 2005 WL 2765131 (D. Neb. Oct. 24, 2005) (unpubl.); Rogers v. Illinois Dept. of Corrections Special Evaluation Unit, 160 F.Supp.2d 972, 977-78 (N.D. Ill. 2001).

To the extent Plaintiff challenges earlier commitment proceedings, which were not invalidated -- but from which he was conditionally released -- and with respect to which habeas relief is no longer available, neither is a § 1983 remedy any longer available.  See Williams v. Consovoy, 453 F.3d 173, 177-78 (3d Cir. 2006).

Finally, to the extent the Complaint could be construed as asserting claims under state law, this Court will decline to exercise pendent jurisdiction over any such claims.  See 28 U.S.C. § 1367(c)(3); Hedges v. Musco, 204 F.3d 109, 123 (3d Cir. 2000).

## V.   CONCLUSION

For the reasons set forth above, the Complaint must be dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim.  An appropriate order follows.

s/Renée Marie Bumb
Renée Marie Bumb
United States District Judge

Dated: December 22, 2006